## UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

### WESTERN DIVISION

FILED BY ___ D.C.

05 AUG 16 PM 12: 10

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

U.S.A. vs. **ALDOTFUS WILLIAMS**                             Docket No. **2:99CR20013-002**

### Petition on Probation and Supervised Release

**COMES NOW** __FREDDIE MCMASTER II__ **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Aldotfus Williams who was placed on supervision by the Honorable Julia S. Gibbons sitting in the Court at Memphis, TN on the 11th day of February, 2000 who fixed the period of supervision at five (5) years*, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

The defendant shall participate in substance abuse treatment/testing as deemed appropriate by the probation office.

*Term of Supervised Release began September 3, 2004.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITION OF SUPERVISED RELEASE:

**The defendant shall refrain from any unlawful use of a controlled substance and the defendant shall not possess a controlled substance.**

Despite having successfully completed drug treatment with Dr. Janet Scott and Associates on March 21, 2005, Mr. Williams has used controlled substances as evidenced by positive screens for marijuana on April 13, May 18, June 20, and July 25, 2005.

**PRAYING THAT THE COURT WILL ORDER** a **SUMMONS** be issued for Mr. Williams to appear before the Honorable Bernice B. Donald to answer charges of violation of Supervised Release.

**ORDER OF COURT**

Considered and ordered this 12th day of August, 2005 and ordered filed and made a part of the records in the above case.

_____
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __August 8, 2005__

_____
U.S. Probation Officer

Place   Memphis, Tennessee

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on  8-17-05

(155)

# VIOLATION WORKSHEET

1. Defendant _____ Aldotfus Williams   736 E. Georgia  Memphis, TN 38126 _____
2. Docket Number (Year-Sequence-Defendant No.) _____ 2:99CR20013-002 _____
3. District/Office _____ Western District of Tennessee (Memphis) _____

4. Original Sentence Date   __2__   __11__   __00__
                                             month   day   year

*(If different than above):*

5. Original District/Office _____
6. Original Docket Number (Year-Sequence-Defendant No.) _____
7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| **Usage of a controlled substance (marijuana)** | B |

8. Most Serious Grade of Violation (see §7B1.1(b)) — B
9. Criminal History Category (see §7B1.4(a))74 — IV

10. Range of imprisonment (see §7B1.4(a)) — 12-18 months*

*Being originally convicted of a Class A felony, the statutory maximum term of imprisonment is 60 months; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

   { } (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   { } (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   {X} (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

Defendant __Aldolfus Williams__   Docket #2:99CR20013-002

**12.   Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

| | |
|---|---|
| Restitution ($) _____N/A_____ | Community Confinement _____N/A_____ |
| Fine ($) _____N/A_____ | Home Detention _____N/A_____ |
| Other _____N/A_____ | Intermittent Confinement _____N/A_____ |

**13.   Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____N/A_____ to _____N/A_____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

**14.   Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____
_____
_____
_____
_____
_____
_____
_____

**15.   Official Detention Adjustment** {see §7B1.3(e)}: months _____ days _____

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 155 in case 2:99-CR-20013 was distributed by fax, mail, or direct printing on August 17, 2005 to the parties listed.

---

Timothy R. DiScenza
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT